IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH WATKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-2993 |
| | ) |
| STERLING INFOSYSTEMS, INC. d/b/a | ) |
| STERLING TALENT SOLUTIONS, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1. This is an action for damages brought by an individual consumer against the Defendant for its violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, KENNETH WATKINS, is an adult individual who resides in Maywood, Illinois.

5. Defendant STERLING INFOSYSTEMS, INC. d/b/a STERLING TALENT SOLUTIONS ("Sterling") is a consumer reporting agency that regularly conducts business in Northern District of Illinois. Defendant has a principal place of business located at 1 State Plaza, Floor 24, New York, NY 10004, and is incorporated in the State of New York.

## FACTUAL ALLEGATIONS

6. In April 2021, Plaintiff applied for a position of employment with FLINT GROUP.

7. Subsequent to submitting his application of employment to FLINT GROUP, Plaintiff had an interview with a representative from FLINT GROUP.

8. On April 13, 2021 FLINT GROUP extended to Plaintiff an offer of employment as a field service engineer, contingent upon successfully completing a background check.

9. As part of its routine background check on its prospective employees, FLINT GROUP requested that Defendant provide information regarding, among other things, the character and general reputation of Plaintiff.

10. On or about April 19, 2021, Flint requested a consumer report from Sterling and Sterling sold a consumer report to Flint concerning the Plaintiff.

11. The report furnished by Sterling was for employment purposes.

12. Sterling has been improperly reporting, and did here report, sealed, derogatory, inaccurate, and/or time barred statements and information relating to Plaintiff and Plaintiff's criminal history to third parties ("inaccurate information"), including Flint.

13. The inaccurate information includes, but is not limited to, an Illinois criminal conviction from 2009 that had been sealed by the State of Illinois on December 5, 2019.

14. Sterling is inaccurately reporting a criminal conviction pertaining to Plaintiff. These charges should have been removed from the Plaintiff's criminal file and consumer report in December 2019 in accordance with the actual public record.

15. Sterling failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. Had Sterling followed such procedures

it would have never falsely reported the sealed and/or expunged charges on Plaintiff's consumer report.

16. As a result of the information contained within the consumer report that Sterling sold to Flint, Plaintiff's employment with Flint was terminated; the basis for this denial was the inaccurate and derogatory criminal information that appears on Plaintiff's Sterling consumer report and that the inaccurate information was a substantial factor for denial.

17. Plaintiff also alleges a claim under 15 U.S.C. § 1681k because Defendant did not provide Plaintiff timely and lawful notice that it was furnishing an employment purposed consumer report at the time it did so. This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain and as appropriate correct information in the furnished report. It also was intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer. Defendant's failure to comply with these long standing requirements denied the Plaintiff these important rights.

18. Upon information and belief, the Plaintiff alleges that Defendant never sent a notice letter as required by 15 U.S.C. § 1681k(a)(1).

19. Additionally, Defendant does not maintain strict procedures designed to insure that the public records information it reports is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2). If Defendant had maintained such procedures, it would not have reported felony convictions which have been sealed on Plaintiff's consumer report.

20. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

25. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

27. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681k(a).

28. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined

more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

29. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
**KENNETH WATKINS**

By:    s/ David M. Marco
      Attorney for Plaintiff

Dated: June 4, 2021

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com